STATE ex rel GOODHOPE, Treasurer, Plaintiffs, v.
MITCHELL, County Auditor, et al, Defendants.

(239 N. W. 750.)

(File No. 7355. Opinion filed December 19, 1931.)

M. Q. Sharpe, Attorney General, and Charles P. Warren, Assistant Attorney General, for Relator.

Kenneth Patterson, of Watertown, for Defendants.

POLLEY, P. J. By chapter 323, Laws 1919, permission was granted, "to erect upon the Capitol grounds at Pierre a suitable Memorial to the Soldiers and Sailors of South Dakota" who served

in the World War. Said law further provided that "such Memorial shall be financed by popular subscription and erected without expense to the State of South Dakota."

The special legislative session of 1920 enacted a law (chapter 41) which reads as follows:

"It shall be lawful for the Board of County Commissioners of any County in this State in its discretion to appropriate any sum of money not exceeding one-tenth of one mill upon each dollar of the assessed valuation of such County to aid in the construction of the State Soldiers and Sailors Memorial provided for by chapter 323 of the Laws of 1919.

"County warrants for the sums so appropriated shall be issued in the manner provided by law for the issue of County warrants, and shall be transmitted by the County Auditor of the respective counties to the Governor."

Relator pleads that pursuant to said law Codington county, on or about the 5th day of November, 1920, by and through its board of county commissioners, appropriated a sum of money amounting to one-tenth of one mill of the assessed valuation of the taxable property in said county for the year 1919, which said sum amounted to $4,366.15, and which said sum of money was collected by the treasurer of said county. Relator further pleads that on or about the 6th day of September, 1921, said sum of money was by the board of county commissioners of said county specifically appropriated to the said memorial fund, but up to the time of the meeting of the Legislature of 1923 said money had not been transmitted to the Governor. By section 2, chapter 271, Laws 1923, section 2 of chapter 41, Laws 1920, Sp. Sess., was amended to read as follows: "County warrants for the sums so appropriated shall be issued in the manner provided by law for the issue of county warrants, and shall be transmitted by the county auditors of the respective counties to the State Treasurer."

Thereafter no action was taken by the officers of Codington county pursuant to this latter act, and this proceeding in mandamus was initiated by the state treasurer to compel the county auditor and treasurer to issue to him (state treasurer) a warrant for the money that had been collected by Codington county pursuant to the provisions of chapter 41, Laws 1920, Sp. Sess.

300

What may be rights of the state, of of the state treasurer, to the fund involved, it is not necessary to decide, because a writ of mandamus directed to the auditor and treasurer of Codington county, the only defendants in this proceeding, cannot be issued in any event. By section 2, chapter 271, county warrants are to be issued in the manner provided by law for the issue of county warrants. Section 5870, Rev. Code 1919, provides the manner of issuance of county warrants as follows: "All orders made by the board [of county commissioners] and all warrants drawn on the county treasurer, shall be signed by the chairman [of the board] and attested by the county auditor."

No authority is given to the county auditor or treasurer to issue warrants on the treasurer, and a writ of mandamus directed to the defendant in this action would be unavailing for any purpose. A writ of mandamus can be issued only to "compel the performance of an act which the law specially enjoins as a duty resulting from on office, trust, or station." Section 3006, Rev. Code 1919. The defendants in this case are not charged with the duty of issuing county warrants, and the writ asked for in this proceeding must be and will be denied.

CAMPBELL, WARREN, and RUDOLPH, JJ., concur.
ROBERTS, J., disqualified and not sitting.